AO 241
(Rev. 01/15)

Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: Massachusetts | |
|---|---|---|---|
| Name (under which you were convicted):<br>Thomas Lally | | | Docket or Case No.: |
| Place of Confinement :<br>Old Colony Correctional Center | | Prisoner No.:<br>W87318 | |
| Petitioner (include the name under which you were convicted)<br>Thomas Lally | v. | Respondent (authorized person having custody of petitioner)<br>Joseph Murphy,<br>Superintendent of Old Colony Correctional Center | |
| The Attorney General of the State of: Massachusetts | | | |

### PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Norfolk County Superior Court

    650 High Street

    Dedham, MA 02026

    (b) Criminal docket or case number (if you know):   NOCR-2003-00020

2.  (a) Date of the judgment of conviction (if you know):   03/16/2006

    (b) Date of sentencing:   03/16/2006

3.  Length of sentence:   Life imprisonment without parole

4.  In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☑ No

5.  Identify all crimes of which you were convicted and sentenced in this case:   first degree murder

6.  (a) What was your plea? (Check one)

    ☑ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241
(Rev. 01/15)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

_____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

     ☑ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

     ☑ Yes    ☐ No

8. Did you appeal from the judgment of conviction?

     ☑ Yes    ☐ No

9. If you did appeal, answer the following:

(a) Name of court:    Massachusetts Supreme Judicial Court

(b) Docket or case number (if you know):    SJC-09926

(c) Result:    conviction affirmed, denial of motion for new trial affirmed

(d) Date of result (if you know):    03/03/2016

(e) Citation to the case (if you know):    Commonwealth v. Lally, 473 Mass. 693 (2016)

(f) Grounds raised:    (1) ineffective assistance (failing to object to admission of DNA and prosecutor's mistatements re: DNA, failing to challenge significance of DNA, misstating DNA evidence), and due process violation (prosecutor's misstating DNA evidence); (2) ineffective assistance (introducing prior statements of codefendant); (3) violation of jury trial right (jury exposure to unredacted plea agreement) and ineffective assistance (failure to redact); (4) due process violation (prosecutorial misconduct re: other bad acts) and ineffective assistance (failing to object) (5) ineffective assistance (advice to testify); (6) ineffective assistance (failure to call surrebuttal witnesses); (7) ineffective assistance (cumulative)

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

     If yes, answer the following:

     (1) Name of court: _____

     (2) Docket or case number (if you know): _____

     (3) Result: _____

_____

     (4) Date of result (if you know): _____

AO 241
(Rev. 01/15)

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes     ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     Norfolk Superior Court

(2) Docket or case number (if you know):     NOCR-2003-00020

(3) Date of filing (if you know):     06/16/2010

(4) Nature of the proceeding:     Motion for New Trial

(5) Grounds raised:     (1) ineffective assistance (failing to object to admission of DNA evidence, failing to object to prosecutorial misstatements of the DNA evidence, failing to challenge the significance of DNA evidence at trial, misstating DNA evidence in closing) and violation of due process (prosecutorial misconduct in misstating DNA evidence); (2) ineffective assistance (introducing testifying co-defendant's damaging prior statements); (3) violation of right to jury trial (exposure to codefendant's unredacted plea agreement) and ineffective assistance (failure to redact plea agreement); (4) violation of due process (prosecutorial misconduct in admitting prior bad acts) and ineffective assistance (failing to object to prior bad acts); (5) ineffective assistance (advice to testify); (6) ineffective assistance (failure to call surrebuttal witnesses); and (7) ineffective assistance (cumulative)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☑ Yes     ☐ No

(7) Result:     Motion for New Trial denied

(8) Date of result (if you know):     12/09/2014

AO 241
(Rev. 01/15)

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☑ Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

(3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Ineffective assistance of counsel and due process violation (re: DNA evidence)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense trial counsel was constitutionally ineffective in (a) failing to seek to exclude inculpatory DNA test results

admitted by the prosecution without explanatory statistics; (b) failing to object to prosecutorial misstatements

about the DNA evidence; (c) failing to challenge the significance of the DNA evidence at trial; (d) misstating the

significance of the DNA evidence in the defense closing argument. In addition, the prosecutor committed

prosecutorial misconduct in violation of due process by misstating the significance of the DNA evidence in

opening statements and closing argument.

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241
(Rev. 01/15)

(c)   **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:   Motion for New Trial

    Name and location of the court where the motion or petition was filed:   Norfolk Superior Court

    Docket or case number (if you know):   NOCR-2003-0020

    Date of the court's decision:   12/09/2014

    Result (attach a copy of the court's opinion or order, if available):   Motion for New Trial denied

    (Memorandum of Decision and Order on Defendant's Motion for New Trial attached)

    (3) Did you receive a hearing on your motion or petition?    ☑ Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?    ☑ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:   Massachusetts SJC

    Docket or case number (if you know):   SJC-09926

    Date of the court's decision:   03/03/2016

    Result (attach a copy of the court's opinion or order, if available):   denial of Motion for New Trial and

    conviction affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016), attached

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

AO 241
(Rev. 01/15)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

_____

**GROUND TWO:**    Ineffective assistance of counsel (re: codefendant's damaging prior statements)

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense trial counsel was ineffective in introducing into evidence the testifying codefendant's damaging prior

statements, which constituted prior consistent statements buttressing the codefendant's inculpatory trial

testimony as well as suggesting that the defendant had committed other bad acts.

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Motion for new trial

Name and location of the court where the motion or petition was filed:    Norfolk Superior Court (on remand

from Massachusetts SJC)

_____

Docket or case number (if you know):    NOCR-2003-0020

Date of the court's decision:    12/09/2014

AO 241
(Rev. 01/15)

Result (attach a copy of the court's opinion or order, if available):   Motion for new trial denied

(Memorandum of Decision and Order on Defendant's Motion for New Trial attached)

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | ☑ Yes | ☐ No |
| (4) Did you appeal from the denial of your motion or petition? | ☑ Yes | ☐ No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | ☑ Yes | ☐ No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Massachusetts Supreme Judicial Court

Docket or case number (if you know):   SJC-09926

Date of the court's decision:   03/03/2016

Result (attach a copy of the court's opinion or order, if available):   denial of motion for new trial and

conviction affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016), attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**        Violation of right to jury trial and ineffective assistance of counsel (re:  unredacted

plea agreement)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The jury was exposed to extraneous information consisting of the codefendant's unredacted plea agreement,

which had been ordered redacted, but was not redacted.  Defense trial counsel was ineffective in inexplicably

offering the codefendant's plea agreement into evidence and then failing to ensure that it was redacted in

accordance with the trial judge's order before it was placed before the jury.

AO 241
(Rev. 01/15)                                                                                      Page 10

(b) If you did not exhaust your state remedies on Ground Three, explain why:

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Three:**

     (1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

     (2) If you did not raise this issue in your direct appeal, explain why:

     _____

     _____

(d)   **Post-Conviction Proceedings:**

     (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ☑ Yes    ☐ No

     (2) If your answer to Question (d)(1) is "Yes," state:

     Type of motion or petition:    Motion for new trial

     Name and location of the court where the motion or petition was filed:  Norfolk Superior Court

     _____

     Docket or case number (if you know):    NOCR-2003-0020

     Date of the court's decision:    12/09/2014

     Result (attach a copy of the court's opinion or order, if available):    Motion for New Trial denied

     (Memorandum of Decision and Order on Defendant's Motion for New Trial attached)

     _____

     (3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

     (4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

     (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

     (6) If your answer to Question (d)(4) is "Yes," state:

     Name and location of the court where the appeal was filed:    Massachusetts Supreme Judicial Court

     _____

     Docket or case number (if you know):    SJC-09926

     Date of the court's decision:    03/03/2016

     Result (attach a copy of the court's opinion or order, if available):    denial of motion for new trial and

     conviction affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016)(attached)

     _____

     _____

AO 241
(Rev. 01/15)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:**   Violation of due process and ineffective assistance (re: other bad acts evidence)

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The prosecution improperly attacked the defendant's character by admitting other bad acts and defense trial

counsel was ineffective in failing to object to the admission of such other bad acts evidence.

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for New Trial

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:    Norfolk Superior Court

Docket or case number (if you know):    NOCR-2003-00020

Date of the court's decision:    12/09/2014

Result (attach a copy of the court's opinion or order, if available):    Motion for new trial denied

(Memorandum of Decision and Order on Defendant's Motion for New Trial attached)

(3) Did you receive a hearing on your motion or petition?    ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Massachusetts Supreme Judicial Court

Docket or case number (if you know):    SJC-09926

Date of the court's decision:    03/03/2016

Result (attach a copy of the court's opinion or order, if available):    denial of motion for new trial affirmed

Commonwealth v. Lally, 473 Mass. 693 (2016) (attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 01/15)

**GROUND FIVE:**          Ineffective assistance of counsel (re: advice to testify)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense trial counsel was ineffective in advising the defendant to testify at trial, thereby opening the door to

devastating impeachment evidence.

(b) If you did not exhaust your state remedies on Ground Five, explain why:

(c)   **Direct Appeal of Ground Five:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☑ Yes          ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:          Motion for New Trial

Name and location of the court where the motion or petition was filed:   Norfolk Superior Court

Docket or case number (if you know):   NOCR-2003-00020

Date of the court's decision:   12/09/2014

AO 241
(Rev. 01/15)

Page 14

Result (attach a copy of the court's opinion or order, if available):    Motion for new trial denied

(Memorandum of Decision and Order on Defendant's Motion for New Trial)

(3) Did you receive a hearing on your motion or petition?              ☑ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?         ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:    Massachusetts Supreme Judicial Court

Docket or case number (if you know):    SJC-09926

Date of the court's decision:    03/03/2016

Result (attach a copy of the court's opinion or order, if available):    denial of motion for new trial and

conviction affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016)(attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Five :

**GROUND SIX:**        Ineffective assistance of counsel (failure to call surrebuttal witnesses)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Defense trial counsel was ineffective in failing to call exculpatory surrebuttal witnesses to testify to defendant's

prior consistent statements.

AO 241
(Rev. 01/15)

(b) If you did not exhaust your state remedies on Ground Six, explain why:

_____

_____

_____

_____

(c)   **Direct Appeal of Ground Six:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:   _____

_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   Motion for New Trial   _____

Name and location of the court where the motion or petition was filed:   Norfolk Superior Court

_____

Docket or case number (if you know):   NOCR-2003-00020

Date of the court's decision:   12/09/2014

Result (attach a copy of the court's opinion or order, if available):   Denial of motion for new trial

Memorandum of decision and order on defendant's motion for new trial (attached)   _____

_____

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Massachusetts Supreme Judicial Court

_____

Docket or case number (if you know):   SJC-09926

Date of the court's decision:   03/03/2016

Result (attach a copy of the court's opinion or order, if available):   denial of motion for new trial and

conviction affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016)(attached)   _____

_____

_____

AO 241
(Rev. 01/15)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Six:     _____

_____

_____

**GROUND SEVEN:** Ineffective assistance of counsel (cumulative error)

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Due to the combined effect of trial counsel's numerous mistakes, the defendant was deprived of the effective

assistance of counsel.

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Seven, explain why:     _____

_____

_____

_____

(c)     **Direct Appeal of Ground Seven:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     _____

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Motion for new trial

AO 241
(Rev. 01/15)

Name and location of the court where the motion or petition was filed:   Norfolk Superior Court

Docket or case number (if you know):   NOCR-2003-00020

Date of the court's decision:   12/09/2014

Result (attach a copy of the court's opinion or order, if available):   Denial of motion for new trial

Memorandum of decision and order on defendant's motion for new trial (attached)

(3) Did you receive a hearing on your motion or petition?   ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   Massachusetts Supreme Judicial Court

Docket or case number (if you know):   SJC-09926

Date of the court's decision:   03/03/2016

Result (attach a copy of the court's opinion or order, if available):   denial of motion for new trial and conviction

affirmed, Commonwealth v. Lally, 473 Mass. 693 (2016)(attached)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Seven:

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?     ☑ Yes     ☐   No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:     _____

                _____

                _____

                _____

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

                _____

                _____

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?     ☐   Yes     ☑ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.     _____

            _____

            _____

            _____

            _____

            _____

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?     ☐   Yes     ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.     _____

            _____

            _____

            _____

            _____

AO 241
(Rev. 01/15)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the
judgment you are challenging:

(a) At preliminary hearing:   Robert M. Griffin

(b) At arraignment and plea:   Robert M. Griffin

(c) At trial:   Robert M. Griffin

(d) At sentencing:   Robert M. Griffin

(e) On appeal:   Charles W. Rankin and Catherine J. Hinton

(f) In any post-conviction proceeding:   Charles W. Rankin and Catherine J. Hinton

(g) On appeal from any ruling against you in a post-conviction proceeding:   Charles W. Rankin and Catherine
J. Hinton

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are
challenging?    ☐  Yes   ☑  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the
future?    ☐  Yes   ☐  No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

The judgment of conviction became final on June 1, 2016, with the expiration of the time for filing a
petition for writ of certiorari to the United States Supreme Court.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241
(Rev. 01/15)

Page 22

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:    grant a writ of habeas corpus

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on    5/7/17    (date).

_____   ***
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

*** This petition was prepared in large part by my former appellate counsel, Catherine J. Hinton